[No. 1492, March 20, 1913.]

E. L. MEDLER, et al., Appellees, v. CARRIE M. CHILDERS, Executrix, Appellant.

## SYLLABUS (BY THE COURT).

1. The holder of collateral paper may sue and recover upon it of the maker, without regard to any defense which the pledgor has upon the debt for which the paper was pledged as security, unless the maker is deprived of some equitable defense which he might have against the payee.

2. The assignment of any particular claim is considered as an equitable assignment of all securities held by the assignor to assure it.

3. The question of the joinder of inconsistent causes of action must be raised in the lower court, and if not so raised this court will not consider the question on appeal.

Appeal from District Court, Bernalillo County.

E. W. DOBSON, for Appellant.

The rule is that where payment is made upon a note and endorsed thereon, the proof of such fact is not sufficient to remove the bar of the statute of limitation unless the endorsement was made by the holder at the request of the payer. Kyger v. Riley, 2 Neb. 20; Howley v. Griswold, 42 Barb. 18; Sibley v. Phelps, 6 Cush. 172; Smith v. Sims 9 Ga. 418; sec. 2926, C. L. 1897; 25 Cyc. 1026; 18 Cyc. 424.

Was the bill of sale intended as an equitable mortgage? Cook v. Mann, 6 Colo. 21; Bassinger v. Spangler, 9 Colo. 175; Ewing v. Merkley, 3 Utah 406.

### STATEMENT OF FACTS.

On October 26, 1901, William B. Childers was indebted to appellee, Wilkerson, in the sum of $878.22, represented by a promissory note, secured by a chattel mortgage on a law library, in Childer's office, in Albuquerque, N. M. The note had been past due for some time, and the interest had accumulated, and Wilkerson desired a new note and mortgage. Childers demurred to the giving of a new chattel mortgage on his library, claiming that he was unable to carry insurance upon it while covered by a mortgage. He suggested that he would have E. L. Medler, who occupied offices with Childers, execute his individual note for the indebtedness, to Wilkerson; that he would give to Medler his note for the amount, securing the payment of the same by a bill of sale of his li-

brary and that Medler could endorse his note to Wilker-son, as collateral security for the payment of Medler's note. Wilkerson agreed to the arrangement, conditioned upon Childer's delivering possession of the library to Medler, under the bill of sale, and Medler's endorsing over to Wilkerson the bill of sale.

The arrangement was carried out as agreed, except the bill of sale was not assigned to Wilkerson, but was delivered to him, but, at the request of Childers, Wilkerson returned the bill of sale to Medler, so that he would have it in his possession in case a levy should be made upon the library, under an execution, to show to the officers. Childers made some payments upon his note to Wilkerson, which were credited upon the note; he also executed two promissory notes to Wilkerson, in payment of installments of interest upon his note, the principal of which was credited, at his request, upon the note, signed by him and held by Wilkerson as collateral security. The note was due one year from October 26, 1901.

Mr. Childers died on the 3d of March 1908, testate and his wife, the appellant, was appointed executrix of his will, and duly qualified.

It appears that Wilkerson, within the time required by law, filed the note as a claim against his estate and it was duly allowed by the probate court. No payments had been made upon the Medler note, except some interest appears to have been credited upon this note in October, 1902.

Medler instituted this action for an accounting upon the amount owing the Childers, upon the indebtedness for which he executed his note, and to have the bill of sale decreed to be a mortgage, and foreclosed, and the property sold and the proceeds applied upon the indebtedness.

Later Wilkerson intervened, adopted as his own the allegations of the complaint by Medler, and asked for the same relief. To the complaint and intervening complaint, a general denial was filed by the executrix. By demurrer the executrix attempted to raise the question of the statute of limitations, claiming that the note executed by Medler was barred by the statute, and that because of such fact Wilkerson could not enforce the payment

of the collateral note signed by Childers. The demurrer was overruled, evidence heard, which fully supported the above facts, and a decree was entered by the court decreeing the bill of sale to be an equitable mortgage, foreclosing it, and directing that the property sold for the satisfaction of the note signed by Childers. From the judgment this appeal is prosecuted.

## OPINION OF THE COURT.

ROBERTS, C. J.—In her brief, appellant discussed four propositions upon which she relies for a reversal of the judgment. Other questions are raised by the assignment of errors, but as they are not discussed in the brief, they will be deemed to have been waived.

The first contention relied upon is that the statute of limitations barred the action on the note executed by Medler, and therefore, the Childers note being collateral security for the payment of that note, payment thereof could not be enforced. Admitting that appellants construction of the relation of the parties is sound, which, under the facts need not be determined, still there is no merit in the position taken. The holder of collateral paper may sue and recover upon it of the maker, without regard to any defenses which the pledgor has upon the debt for which the paper was pledged as security, unless the maker is deprived of some equitable defense which he might have against the payee. Jones on Collateral Security, (3rd ed.) sec. 671. This being a true statement of the rule it necessarily follows that Childers, or his representative, having set forth no defense against the note executed by him, and claiming none is not in a position to interpose the statute of limitation as to the principal debt, which his note is held to secure. So long as he owes the debt, represented by the note, it is immaterial to him to whom he makes payment, and he is not called upon to litigate any question as to the validity of the debt for which the note executed by him was pledged as collateral security.

Appellant's second proposition, as we understand it, is that the court erred in holding that the transfer of the note carried with it the mortgage securing its payment. There was evidence from which the court might have found that the bill of sale was transferred to Wilkerson at the same time that the note was endorsed over. However, the rule is, as stated in Coolebrooke on Collateral Securities, page 260.

"The transfer of a negotiable promissory note, by endorsement and delivery merely, where endorsed in blank or payable to bearer, the payment of which is secured by a mortgage or deed of trust, carries with it, in equity, the mortgage or deed of trust securities. The endorsee of the promissory note is entitled to the benefits of such mortgage, whether an assignment of the same is made or not."

Daniels, in his work on Negotiable Instruments, vol. 1, page 558, says:

"The assignment of any particular claim is considered an equitable assignment of all securities held by the assignor to assure it." See also Jones on Chattel Mortgages, p. 449. So that even though it be held that Medler did not transfer the bill of sale to Wilkerson, under the rule above stated, Wilkerson was entitled to the benefit of all the securities held by Medler to assure the payment of the note.

The third point discussed is that there was joined in the complaint inconsistent causes of action. However, no advantage was sought to be taken, in the lower court, of such fact, if it existed, and it is too late to raise it for the first time on appeal.

It is lastly urged that the decree rendered in the lower court is inconsistent, but appellant has failed to point out in his brief any injury suffered, by reason of such inconsistence, if it exists.

Finding no error in the record, warranting a reversal, the judgment of the lower court is affirmed, and it is so ordered.