[File No. 6597.]

G. E. PETTERS, Petitioner, v. THE CHARLSON ESTATE, a Corporation, et al., Respondent.

(285 N. W. 510.)

Opinion filed April 6, 1939. Rehearing denied May 5, 1939.

*Nestos & Herigstad,* for petitioner.
*Geo. A. McGee,* for respondent.

MORRIS, J. This matter reaches this court pursuant to a writ of certiorari issued under the provisions of § 8, chapter 161, N. D. Session Laws 1937. The petitioner is the holder of a sheriff's certificate of sale upon certain agricultural lands in Williams county which he purchased at a mortgage foreclosure sale on May 22, 1937, for the sum of $10,116.83. Prior to the expiration of the period of redemption, the defendant corporation owner of the property made application under the provisions of chapter 161, N. D. Session Laws 1937, for an extension of the period of redemption. On April 27, 1938, the district court of Williams county made its findings and order staying the issuance of sheriff's deed and extended the period of redemption to March 1, 1939. The court found the reasonable rental value of the premises to be $560, and by its order decreed,

"That the sheriff and his successors in office are prohibited from executing a sheriff's deed to the aforesaid described premises on certificate on sale herein referred to during the said extended period of redemption without permission of this court, provided, however, that the plaintiff may apply to the court for a modification of this order if the said defendant, the Charlson Estate, its successors or assigns fail to make the payments hereinafter provided and it is further

"Ordered and decreed that in consideration for the granting of this extended period of redemption the defendant, the Charlson Estate shall pay to the plaintiff or to his attorneys, Nestos & Herigstad the sum of Five Hundred Sixty Dollars ($560) which sum is to be paid in the following manner, to wit: the sum of One Hundred Dollars ($100) on or before the 15th day of May, 1938, and the further sum of Four Hundred Sixty Dollars ($460) which sum is to be paid on or before the 1st day of November, 1938."

The defendant paid the sum of $100 mentioned in the order, but defaulted as to the second payment of $460. Thereupon and on the

4th day of November, 1938, the plaintiff made an ex parte application to the court for an order directing the issuance of sheriff's deed. Upon this application the court issued an order reciting the default of the defendant, rescinded its former order, and directed the issuance of the sheriff's deed. On the 27th of February, 1939, further proceedings were had before the trial court upon application of the defendant, which resulted in an order vacating and setting aside the order of November 4, directing the issuance of sheriff's deed, on the grounds that no notice of the application for such order had been given to the defendant. In this last proceeding the court found the rental value of the premises from March 1, 1939 to July 1, 1939 to be the sum of $105, and modified his original extension order of April 27, 1938, as follows: "That the time in which Defendant may redeem said premises from the mortgage foreclosure sale held May 22, 1937, be and the same hereby is extended to July 1st, 1939, conditioned upon the Defendant paying to the Plaintiff or his attorneys, the sum of Four Hundred Sixty Dollars ($460) on or before noon March 1st, 1939, and the further sum of One Hundred and Five Dollars ($105) to be paid to Plaintiff or his attorneys on or before March 7th, 1939."

The defendant has made proper tender of the sums required to be paid by the last order.

Chapter 161, supra, being the law under which these proceedings were had, authorizes the court to extend periods of redemption in certain cases and under certain conditions which the court found to exist in this case. The original order was not challenged by the plaintiff who acquiesced therein and accepted the first payment of $100 which was made as directed by the court. Section 6 of the above mentioned chapter authorizes the extension of periods of redemption for such additional time as the court may deem just and equitable, but in no event beyond July 1, 1939.

"Provided, that the mortgagor or the owner in possession of said property in the case of mortgage foreclosure proceedings, or the lienor or person in possession of said property in the case of. foreclosure of such a lien, or the judgment debtor in the case of sale under judgment or execution, or the tenant in case of judgment of eviction, or the vendee in case of a contract of sale of real property, shall, prior to the expiration of the period of redemption, or in case of judgment or evic-

tion or cancellation of land contract within the period of time described in § 4 hereof, apply to the Court having jurisdiction of the matter, on not less than ten days' written notice to the mortgagee, the lienee, judgment creditor or plaintiff, or the attorney of either as the case may be, for an order determining the reasonable value of the income of said property, or if the property has no income then the reasonable rental value of the property involved in such sale, cancellation or eviction, and directing and requiring such mortgagor, lienor, vendee, tenant or other judgment debtor to pay all or a reasonable part of such income or rental value in or toward the payment of taxes, insurance, interest, mortgage, or judgment indebtedness, at such time and in such manner as shall be fixed and determined and ordered by the Court; provided, however, that in fixing the rental value of farm lands, the rental value of any buildings thereon shall not be included or considered; and the court shall thereupon hear said application and after such hearing shall make and file its order directing the payment by such mortgagor, lienor, vendee, tenant or judgment debtor of such an amount at such times and in such manner as to the Court shall, under all circumstances, appear just and equitable, and provided that upon the service of notice or demand aforesaid, that the running of the period of redemption shall be tolled until the Court shall make its order upon such application. Provided, further, however, that if such mortgagor, lienor, vendee, tenant, or judgment debtor or personal representative shall default in the payments, or any of them, in such order required on his part to be done, or commits waste, his right of redemption from said sale shall terminate thirty days after such default, and holders of subsequent liens may redeem in the order and manner now provided by law beginning thirty days after the filing of notice of such default with the Clerk of Court, and his right to possession shall cease, and the party acquiring title to such real estate shall then be entitled to immediate possession of said premises. If default is claimed by allowance of waste, such thirty day period shall not begin to run until the filing of an order of the Court finding such waste."

Section 7 provides, "Upon application of either party, prior to the expiration of the extended period of redemption as provided for in this Act, and upon the presentation of evidence that the terms fixed by the court are no longer just and reasonable, the court may revise and alter

said terms in such manner as the changed circumstances and conditions may require."

The plaintiff contends that the failure of the defendant to pay the sum of $460 on November 1, 1938, as provided in the original order, constituted a default; that no payment was made or modification of the original order obtained within thirty days after such default; that under the terms of the statute above quoted the right of redemption terminated thirty days after such default, and that the court was thereafter without jurisdiction to further extend the period of redemption or in any wise modify its original order.

The defendant, on the other hand, contends that the original order extended the period of redemption to March 1, 1939, and that under the terms of the order, provision for modification thereof in event of failure to pay was specifically provided, and that the failure to pay did not terminate the period of redemption but merely gave to the plaintiff grounds to apply for a modification and that the court did not lose jurisdiction. It is further contended that the court not having lost jurisdiction, it had the power to modify its original order and extend the period of redemption to July 1, 1939.

The statute which we have quoted contemplates the termination of the extended period of redemption thirty days after the default in the payment prescribed by the court in the order of extension, unless within that time the default be cured or the terms of the extension revised. The defendant made no attempt to revise or alter the terms of the original extension order until long after the thirty day period from default had elapsed. Thus the period of redemption had expired under the statute and title had vested in the plaintiff unless there were present other factors that operated to keep the matter alive by continuing the jurisdiction of the court and preventing the termination of the period of redemption. It is suggested that under the terms of the order that the default did not affect the right of redemption, but merely gave to the plaintiff the right to apply for a modification. The order, if thus construed, is violative of the statute but of this the plaintiff cannot complain since he acquiesced in the order and accepted the first payment provided therein. It, therefore, becomes necessary to scrutinize the provisions of the original order extending the period of redemption

and to consider particularly that paragraph which provides, "that the sheriff and his successors in office are prohibited from executing a sheriff's deed to the aforesaid described premises on certificate on sale herein referred to during the said extended period of redemption without permission of this court, provided, however, that the plaintiff may apply to the court for a modification of this order if the said defendant, the Charlson Estate, its successors or assigns fail to make the payments hereinafter provided."

The question is, do the terms of this order conflict with the provisions of the statute terminating an extended period of redemption thirty days after default? If they do so conflict, the plaintiff cannot avail himself of the statute because he has acquiesced in the order. However, there appears to be no conflict. The paragraph above quoted deals solely with the issuance of a sheriff's deed and not with the termination of the period of redemption. It prohibits the issuance of a sheriff's deed without permission of the court, then qualifies that prohibition to the extent of permitting the plaintiff to apply for a modification of the order upon default in payment. There is nothing in the order that indicates an intent on the part of the court to interfere with the termination of the period of redemption as provided by statute. It was entirely proper for the court to provide that if the defendant defaulted after thirty days and thereby terminated the right of redemption, the plaintiff could apply for a modification of the prohibition against the issuance of sheriff's deed. That is the import of the order. The reason for such prohibition was no longer extant. The execution of a sheriff's deed is only the ministerial act of the officer to complete the formal transfer of the legal title but does not affect the expiration of the right of redemption. State ex rel. Forest Lake State Bank v. Herman, 36 N. D. 177, 161 N. W. 1017; Olson v. Gowan-Lenning Brown Co. 47 N. D. 544, 182 N. W. 929; Sylvester v. Mackey, 48 N. D. 256, 183 N. W. 1019; Lee v. Hercules Powder Co. 56 N. D. 800, 219 N. W. 565.

Defendant defaulted by failing to make payment on November 1, 1938. No revision or alteration was made within thirty days after default, therefore, the period of redemption terminated and no jurisdiction remained in the court to grant a further extension or otherwise

modify the original order. First Nat. Bank v..Knauss, 68 N. D. 227, 277 N. W. 516.

Reversed.

NUESSLE, Ch. J., and BURR and BURKE, JJ., concur.

CHRISTIANSON, J., dissenting. I dissent. In my opinion the order appealed from should be affirmed.

The enactment of chapter 161, Laws 1937, was an exercise by the state of its police power, to protect vital public interests, to promote public security, and to add to the general public convenience and welfare. This power was put forth by the state to meet what the lawmakers, almost unanimously,[1] determined to be a "great public need," and in aid of what "strong and preponderant opinion" held "to be greatly and immediately necessary to the public welfare." Noble State Bank v. Haskell, 219 U. S. 104, 55 L. ed. 112, 31 S. Ct. 186, 32 L.R.A. (N.S.) 1062, Ann. Cas. 1912A, 487.

Sections 6 and 7, chapter 161, Laws 1937, provide a remedy for extending the, period of redemption. Redemption statutes are remedial in their nature (North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 482, 117 N. W. 453, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717; Muller v. Harrison, 46 S. D. 295, 192 N. W. 750; Ft. Wayne Builders Supply Co. v. Pfeiffer, 60 Ind. App. 615, 111 N. E. 192, 195; 2 Lewis's Sutherland, Statutory Construction, 2d ed. § 596; 19 R. C. L. p. 638), and should be construed liberally, so as to accomplish the object, and effectuate the intention, of the lawmakers, by advancing and giving effect to the remedy they established. 2 Lewis's Sutherland, Statutory Construction, 2d ed. §§ 585, 596; 59 C. J. pp. 1106–1109.

The statute authorizes a district court, where due cause for so doing is established, to extend the statutory period of redemption "for such additional time as the court may deem just and equitable, but in no event beyond July 1, 1939." Chapter 161, § 6. If the original extension is for a period which expires prior to July 1, 1939, "upon

---

[1] In the Senate chapter 161, Laws 1937 was passed by a unanimous vote (Senate Journal, 1937, p. 274), and in the House of Representatives the measure was passed by a vote of 95 to 1. (House Journal, 1937, pp. 578, 579.)

the application of either party, prior to the expiration of the extended period as provided for in this act, and upon the presentation of evidence that the terms fixed by the court are no longer just and reasonable, the court may revise and alter said terms in such manner as the changed circumstances and conditions may require." Id. § 7.

The Supreme Court of the United States said of similar statute enacted in Minnesota: "Although the courts would have no authority to alter a statutory period of redemption, the legislation in question permits the courts to extend that period, within limits and upon equitable terms, thus providing a procedure and relief which are cognate to the historic exercise of the equitable jurisdiction." Home Bldg. & L. Asso. v. Blaisdell, 290 U. S. 398, 447, 78 L. ed. 413, 433, 434, 54 S. Ct. 231, 88 A.L.R. 1481.

This court has said that chapter 161, Laws 1937, "broadened the equitable powers of the courts, and vested them with power to grant the relief therein provided for because of the existence of a public economic emergency. The courts were given power to extend periods of redemption that had not expired." First Nat. Bank v. Knauss, 68 N. D. 227, 277 N. W. 516, 518.

In this case application was made (April 9th, 1938) pursuant to notice for an extension of the period of redemption. After hearing, the trial court made findings of fact and concluded as a matter of law that the defendants were entitled to relief under the provisions of chapter 161, Laws 1937, and upon such findings and conclusions the court entered what is denominated an "Interlocutory Order" which provided:

"It is hereby ordered and decreed that the plaintiff, G. E. Petters, in this action be and hereby is denied an order for issuance of a sheriff's deed under its sheriff's certificate dated May 22nd, 1937 and it is hereby further

"Ordered and decreed that the defendant, the Charlson Estate, a corporation, its successors and assigns be and is hereby granted extension of time for redemption and that such period of redemption be and is hereby stayed until Twelve O'clock noon on the 1st day of March, 1939 and it is further

"Ordered and decreed that the sheriff and his successors in office are prohibited from executing a sheriff's deed to the aforesaid described premises on certificate on sale herein referred to during the said ex-

tended period of redemption without permission of this court, provided, however, that the plaintiff may apply to the court for a modification of this order if the said defendant, the Charlson Estate, its successors or assigns fail to make the payments hereinafter provided and it is further

"Ordered and decreed that in consideration for the granting of this extended period of redemption the defendant, the Charlson Estate, shall pay to the plaintiff or to his attorneys, Nestos & Herigstad, the sum of Five Hundred Sixty Dollars ($560) which sum is to be paid in the following manner, to-wit: the sum of One Hundred Dollars ($100) on or before the 15th day of May, 1938 and the further sum of Four Hundred Sixty Dollars ($460) which sum is to be paid on or before the 1st day of November, 1938."

The order was not challenged. On the contrary, the plaintiff acquiesced in its provisions, and accepted and retained the first payment of $100 made by the defendants. The defendants failed to make the second payment of $460, which the order said was to be made on or before the first day of November, 1938. Thereupon, on November 4th, 1938, the plaintiff made ex parte application for an order directing the sheriff to issue a deed to plaintiff. Thereafter, on February 27th, 1939, pursuant to notice duly given and after hearing had, the trial court entered an order vacating the order of November 4th, 1938, and modified the order of April 9th, 1938, so as to extend the period of redemption to July 1, 1939, on the conditions that the defendants, on or before March 1, 1939, pay to the plaintiff the sum of $460, and on or before March 7, 1939, pay to the plaintiff the further sum of $105. It is undisputed that the defendants have complied fully with the order as thus modified: they tendered to the plaintiff the amounts of both payments at the times specified, and upon their tenders being refused they caused the moneys to be deposited to the credit of the plaintiff in conformity with law, and served notice of such deposit upon plaintiff. The majority opinion is predicated solely on the ground that the district court had lost jurisdiction, and was without power to make the order of February 27, 1939. I disagree with this holding.

The application made April 9, 1938, invoked the equitable powers of the district court. The statute fixed July 1, 1939, as the limit of any

extended period of redemption. For reasons which to the court seemed "just and equitable" he extended the period of redemption to March 1, 1939. The last payment prescribed in the order was to be made on or before November 1, 1938. The order did not specify that if default were made in such payment the plaintiff should be entitled to deed thirty days after such default. On the contrary, the order prohibited the sheriff from giving a deed during the "said extended period of redemption without permission" of the court; and provided that the plaintiff might apply to the court for a modification of the order if the defendant failed to make the payments. This language negatives any intention on the part of the court that the extended period of redemption should ipso facto terminate on default in payment, or thirty days after such default. If the order were not complied with there would be no change so far as concerned the possession of the premises, unless application were made for a modification of the order and the application were granted. The court reserved the right to take further action. The court said in effect, "I retain jurisdiction until March 1, 1939." Under the statute the court might have extended the period of redemption to July 1, 1939, and thus retained jurisdiction to that time. There was no attack upon the terms of the order. There was no application for amendment or change. The plaintiff recognized its validity, and accepted benefits under it.

On this appeal we have not only the order of April 9, 1938, but we have the construction placed upon that order by the judge who made it. That construction, as I view it, is correct; but if the meaning of the order were doubtful, the doubt should be resolved in favor of the construction which the trial court placed upon its former order.