[File No. 7037]

ANDREW ROBERTSON, Appellant, v. F. CECIL BROWN and F. C. Brown, otherwise known as Frank C. Brown, Respondents.

(25 NW2d 781)

Opinion filed January 27, 1947

*Paul Campbell,* for appellant.
*C. A. Waldron,* for respondents.

MORRIS, J. The plaintiff, Andrew Robertson, commenced this action on February 7, 1944, to quiet title to a quarter section of land in McHenry County. The defendants answered setting forth that the defendant F. Cecil Brown is the son and tenant of F. C. Brown who claims to be the owner of the premises by virtue of a deed from McHenry County. They deny that the plaintiff is the owner of the premises and ask that title thereto be quieted in F. C. Brown as to the claims of the plaintiff. During

the course of various hearings and proceedings, a motion was made to substitute one G. R. Van Sickle as plaintiff. A hearing on this motion was held in connection with the trial on the merits. The motion for substitution was withdrawn after the hearing and a motion to substitute J. R. Carley was made. After the submission of further evidence the latter motion was denied and Andrew Robertson remains as plaintiff in the action. The appeal is from the judgment only and the sole issue is whether the conclusions of law and judgment are supported by the court's findings of fact.

The findings of fact disclose the following with respect to the title and interest in the land claimed by the plaintiff. On September 5, 1906, the United States issued a patent to William Jordon who on May 5, 1916, conveyed by warranty deed to Ray S. Dutton. Ray S. Dutton and wife conveyed the premises by warranty deed to H. H. Bergh on May 26, 1916, who on August 18, 1919, conveyed by warranty deed to A. I. Hunter and J. R. Carley. All of the foregoing deeds were duly recorded. On June 10, 1942, J. R. Carley gave to Andrew Robertson, the plaintiff herein, a quitclaim deed of all right, title, interest and estate in and to the property. This deed was never recorded and was produced and offered in evidence at the trial by G. R. Van Sickle. On February 15, 1945, Andrew Robertson delivered to G. R. Van Sickle a quitclaim deed in blank, purporting to convey all right, title, interest, and estate of the grantor in and to the premises. This deed was never recorded and was produced and offered in evidence at the trial by Van Sickle. A. I. Hunter has been dead for many years. J. R. Carley died February 20, 1944.

It further appears that on May 9, 1916, Ray S. Dutton, the then owner and possessor of the premises, executed a mortgage thereon, in which his wife joined, to T. L. Beiseker to secure the payment of $1500. This mortgage, through various duly recorded assignments, reached The First National Bank of Grand Forks, North Dakota. On April 15, 1942, the Receiver of the Bank sold the mortgage and notes secured thereby to Andrew Robertson and on May 8, 1942, executed an assignment in writing to Robertson, which was never recorded. On February 27, 1945,

Robertson sold and assigned the note and mortgage to G. R. Van Sickle and delivered to him an assignment in which the name of the assignee was left blank. This instrument was never recorded but was produced and offered in evidence at the trial by Van Sickle.

At the time of the trial on April 9, 1945, G. R. Van Sickle, on motion of the defendant and under the order and direction of the court, deposited with the Clerk of the District Court the sum of $250.00 under the provisions of Ch. 286, Sess Laws ND 1941. The disposition of this deposit is one of the matters of controversy in this appeal.

The title claimed by the defendants is based on these facts. The premises were sold to McHenry County at tax sale on December 9, 1930, for unpaid 1929 taxes. No taxes were paid on the land for subsequent years up to and including 1936. On January 21, 1938, the county auditor issued a notice of expiration of period of redemption directed to A. I. Hunter and J. R. Carley as the record title owners of the property. The notice contained a description of the land and also a statement of the amount required to redeem, which was set forth in one lump sum including taxes, penalty and interest for the years 1930 to 1936, inclusive. Prior to 1939 A. I. Hunter and J. R. Carley abandoned the premises and made no attempt to redeem. McHenry County took possession of the premises after the period of redemption, as set forth in the notice, had expired, and collected payments from the United States Government under the Soil Restoration Program for 1939, 1940 and 1941. It also rented some of the land for grazing purposes in 1941 and 1942.

Pursuant to the provisions of Ch 286, Sess Laws ND 1941, the land was appraised at $240. In November, 1941, the property was offered for sale to the highest bidder but was not sold. On May 15, 1942, it was sold to F. C. Brown by McHenry County at private sale on contract for $240.00. Brown immediately entered into possession. On April 9, 1945, Brown paid up the balance due on his contract and obtained a deed from McHenry County. The defendants have remained in possession of the premises since May 15, 1942.

It is necessary that we determine who is the plaintiff upon the appeal of this action and whether the court erred in not making a substitution. In his preliminary statement to the findings of fact the trial court says that:

". . . on April 9, 1945, said matter came on before this court upon application of the plaintiff and G. R. Van Sickle, for substitution of the said G. R. Van Sickle for Andrew Robertson as plaintiff herein, and for trial; G. R. Van Sickle, plaintiff, and the defendants appearing personally and being present in Court; Paul Campbell, attorney, appearing for Andrew Robertson and G. R. Van Sickle, and C. A. Waldron appearing for the defendants; and that at said time and place the application for substitution of G. R. Van Sickle as plaintiff in said action was presented to the court, first taken under advisement, then on insistence of defendant for a ruling, granted, and the trial of said action was then and there had, and the respective parties submitted to the court testimony in support of their allegations, claims and rights in and to the real property described in the complaint. Thereafter the motion to substitute G. R. Van Sickle as plaintiff was withdrawn and a motion to substitute J. R. Carley made. Further evidence on that was submitted March 11, 1946. The motion was then denied. Andrew Robertson remaining as plaintiff."

A similar statement is also embraced in the trial court's final memorandum opinion. Thus it is definitely established that the motion to substitute G. R. Van Sickle as plaintiff was withdrawn. The motion to substitute the name of J. R. Carley was probably made upon the theory that the deed from Carley to Andrew Robertson was champertous and void against parties in possession at the time of its execution under the provisions of § 12–1714, Rev Code ND 1943, as construed in Galbraith v. Payne, 12 ND 164, 96 NW 258, and Burke v. Scharf, 19 ND 227, 124 NW 79. In Galbraith v. Payne (ND) supra, it is stated in paragraphs 2 and 3 of the Syllabus:

"2. Section 7002, Rev Codes, makes it a misdemeanor for any person to convey any pretended title to land, unless the grantor

has been in possession or taken rent for the space of a year prior thereto. A deed executed in violation of this section is void, but its invalidity extends only to the party in adverse possession claiming title. As between the grantor and grantee and all other persons, it is valid.

"3. The grantee under a deed which is invalid, under the above section may not maintain an action in his own name against the adverse claimant, because, as to the latter, his deed is invalid. An action may be maintained against such claimant, however, in the name of the grantor for the grantee's use; and for the purpose of maintaining such action the grantor is the real party in interest within the meaning of section 5221, Rev Codes."

At the time the motion for substitution was made J. R. Carley was dead. A party plaintiff must have an actual legal existence. 39 Am Jur 865, Parties, § 12. A deceased person does not have such legal entity as is necessary to bring an action. 20 Stand Enc Proc 892. The motion to substitute J. R. Carley as party plaintiff was properly denied. This leaves Andrew Robertson as the plaintiff in the case.

We next proceed to a determination of what, if any, interest the plaintiff has in the land which he can assert against the defendants. On May 8, 1942, he acquired the mortgage heretofore described by assignment. After the commencement of this action he sold the mortgage and the note secured thereby to G. R. Van Sickle. The name of the grantee was left blank in the assignment to Van Sickle. The plaintiff contends that the assignment was void because of the blank and that he still is the owner of the mortgage. This contention cannot be sustained. The transfer of a promissory note carries with it the mortgage securing the note though no valid assignment of the mortgage is executed and delivered. Thompson v. State Bank, 58 ND 236, 225 NW 788. The sale of the note and mortgage to Van Sickle divested the plaintiff of title to these instruments despite the omission of the name of the assignee in the assignment.

The plaintiff's further claim to an interest in the premises rests upon a quitclaim deed given by J. R. Carley to the plaintiff

on June 10, 1942. At that time Carley and A. I. Hunter were the record owners of the premises. The findings further show that on or about May 15, 1942, the defendant F. C. Brown, having purchased the land from McHenry County on contract, entered into possession, leased the property to his son F. Cecil Brown and that they remained in possession thereafter. The contract was paid up and a deed was issued by McHenry County on April 9, 1945. It appears that the county had taken possession in 1939 by virtue of the purported foreclosure of its tax certificates.

The defendants contend that since they and their grantor, McHenry County, had been in continuous possession since 1939 that plaintiff's quitclaim deed from Carley is void as to the county and as to them, because of § 12–1714, Rev Code ND 1943 (§ 9406, Comp Laws 1913).

At the time he deeded to the plaintiff, Carley had been out of possession for some four years. The defendants were in possession by virtue of a contract of purchase from McHenry County. The statute then in effect (Ch 286, Sess Laws ND 1941) authorized the county to sell to private purchasers land acquired by the county through tax deed. Presumptively the contract was valid on its face. Nothing appears to the contrary in the findings. This court, as well as many others, has held that a tax deed valid on its face is sufficient to constitute color of title and will, therefore, support a claim of adverse possession when the other elements of possession are shown. Power v. Kitching, 10 ND 254, 86 NW 737, 88 Am St Rep 691; Stiles v. Granger, 17 ND 502, 117 NW 777; McCay v. Parks, 201 Ala 647, 79 So 119; Carter v. Woolfork, 71 Md 283, 17 A 1041; De Foresta v. Gast, 20 Colo 307, 38 P 244; United Lumber Co. v. Pearce, 166 NC 588, 82 SE 1030. See also Woolfolk v. Albrecht, 22 ND 36, 133 NW 310. The same rule applies to the contract for the sale of this property by the county. F. C. Brown entered into possession under a contract which the statute authorized. It vested in him color of title and his possession thus became adverse to all claims of the original owner or his grantees. The deed by Carley to the plaintiff comes squarely within the prohibition

of § 12–1714, Rev Code ND 1943. It is champertous and void as against the defendants. Burke v. Scharf, 19 ND 227, 124 NW 79, and Galbraith v. Payne, 12 ND 164, 96 NW 258, both supra.

The plaintiff has wholly failed to prove any title or right to the premises which he can assert against the defendants in this action. His cause of action to quiet title to the premises fails completely. This would end the case were it not for a pleading in the nature of a cross-complaint wherein the defendants allege that F. C. Brown is the owner of the premises and prays that the defendants' title be quieted as to the claims of the plaintiff and that the plaintiff be forever barred and enjoined from further asserting the same. This allegation amounts to a counterclaim and with respect to the proof the defendants assume the burden and in effect become plaintiffs. Power v. Bowdle, 3 ND 107, 54 NW 404, 21 LRA 328, 44 Am St Rep 511; Betts v. Signor, 7 ND 399, 75 NW 781; Goss v. Herman, 20 ND 295, 127 NW 78. The defendants allege that F. C. Brown purchased the premises from McHenry County and that prior thereto the county acquired full right and title to said premises through tax deed proceedings.

In an action to quiet title to real property the plaintiff must rely on the strength of his own title. Brown v. Comonow, 17 ND 84, 114 NW 728; Hebden v. Bina, 17 ND 235, 116 NW 85, 138 Am St Rep 700; Company A, First Regiment, N. G. T. S. v. State, 58 ND 66, 224 NW 661; Nord v. Nord, 68 ND 560, 282 NW 507; Pierce Twp. v. Ernie, 74 ND 16, 19 NW2d 755. In view of the defendants' counterclaim we consider the findings with respect to the defendants' title and the legal effect of these findings. On January 21, 1938, the County Auditor of McHenry County issued a notice of expiration of redemption which is the foundation of the purported title of McHenry County. The amount required to redeem was stated to be $510.53, which included taxes, penalty and interest for the years 1930 to 1936. Under Ch 286, Sess Laws ND 1941, the notice of expiration of the period of redemption may not include tax sales certificates issued or deemed to have been issued to the county within three years

next preceding the date of the notice. Fish v. France, 71 ND 499, 2 NW2d 537; Kelsch v. Miller, 73 ND 405, 15 NW2d 433, 155 ALR 1186; Baeverstad v. Reynolds, 73 ND 603, 18 NW2d 20. The inclusion of taxes, interest and penalty represented by tax sales certificates issued or deemed to have been issued within three years prior to the issuance of the notice, in the amount required to redeem, renders the tax deed proceedings void. McHenry County obtained no title thereunder which it could convey to the defendants. The contract which the county issued to F. C. Brown, while it gave him color of title, conveyed to him no other title or right to the premises. Thus the defendants have wholly failed to meet the burden which they assumed by their counterclaim.

The findings show that at the time of the trial on April 9, 1945, G. R. Van Sickle, on motion of the defendants and under an order of the court, deposited with the clerk of the district court $250 pursuant to § 21, Ch 286, Sess Laws ND 1941. Presumably $240 of this amount covered the purchase price paid by F. C. Brown under his contract together with $10 to cover statutory costs. Plaintiff's attack in this action failed completely. Because of the defendants' counterclaim it became necessary for us to pass upon the title of the defendant Brown with the result that we determined that he has no title. The trial court correctly reached the determination that none of the parties is entitled to a judgment quieting title and awarded costs to neither side. Moreover, Van Sickle who made the deposit is not a party to this suit. None of the parties is entitled to his deposit or any part thereof.

We sum up our determination with respect to this complicated situation as follows. Andrew Robertson is the sole plaintiff. G. R. Van Sickle was not substituted as plaintiff and J. R. Carley being dead could not be. The plaintiff is not the owner of the note and mortgage given by Ray S. Dutton to T. L. Beiseker on May 9, 1916. The defendant F. C. Brown entered into possession on or about May 15, 1942, under a contract of purchase from McHenry County. This contract constitutes color of title. The quitclaim deed from J. R. Carley to Andrew Rob-

ertson dated June 10, 1942, is champertous and void as against the defendants. The notice of expiration of the period of redemption issued by the Auditor of McHenry County on January 21, 1938, is void and all tax deed proceedings pursuant thereto are likewise void. Both plaintiff's cause of action and defendants' counterclaim must be dismissed. Neither of the parties to the action is entitled to the deposit made by G. R. Van Sickle with the Clerk of the District Court of McHenry County.

This case is remanded to the District Court for modification of the judgment in accordance with this decision.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.