# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1876

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Shawn S. Vilhauer; State of North | * | |
| Dakota, Office of Tax Commissioner; | * | |
| State of North Dakota, doing business | * | |
| as State Bank of North Dakota, | * | |
| | * | |
| Defendants, | * | Appeal from the United States |
| | * | District Court for the |
| Gary Meyer, | * | District of North Dakota. |
| | * | |
| Defendant-Appellant, | * | [UNPUBLISHED] |
| | * | |
| Leon Keller; Rocky Ulrich, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| v. | * | |
| | * | |
| Nodak Mutual Insurance Company of | * | |
| Fargo, successor, Virgil J. Hertz, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: December 13, 2002

Filed: February 27, 2003
_____

Before HANSEN, Chief Judge, LAY, and BYE, Circuit Judges.
_____

PER CURIAM.

I.

The United States, acting through the Farm Service Agency and Rural Housing Service (formerly known as Farmers Home Administration), commenced a foreclosure action against farmland owned by Shawn Vilhauer in Grant County, North Dakota. Vilhauer had granted mortgage liens on the property as security for several promissory notes with the Farm Service Agency and Rural Housing Service.

The Government named several defendants in its complaint. Gary Meyer was listed among these defendants due to his leasehold interest in the real estate. The complaint acknowledged Meyer's leasehold but averred that it was inferior to the rights of the Government. None of the defendants answered the complaint, and the district court entered default judgment. The Judgment provided that "[t]he defendants shall be entitled to redeem the real property within a period of sixty (60) days from the date of the foreclosure sale . . . ."

The U.S. Marshal sold the real estate to the highest and best bidder, Virgil J. Hertz. The Marshal then issued a Marshal's Report for Sale and Marshal's Certificate

of Sale. The United States District Court for the District of North Dakota[1] entered an Order Confirming Sale. This Order contained the following redemption provision:

> IT IS FURTHER ORDERED that the United States Marshal for the District of North Dakota, at the expiration of sixty (60) days from the date of the sale of the real property, shall issue to the purchaser of said real property a Marshal's deed conveying to it all of the interest in said property purchased at the Marshal's sale herein unless said property is redeemed.

Order Confirming Sale at ¶ 4.

During the sixty-day time period, on October 5, 2001, Meyer presented the Marshal with a cashier's check and a Notice of Redemption. Subsequently, on October 9, 2001, Virgil Hertz presented the Marshal with a cashier's check and Notice of Redemption, along with an assignment of lien from Nodak Mutual Insurance Company. On October 22, 2001, the Government filed a Motion for Determination of Redemption Rights and Award of Certificate of Redemption asking the district court to evaluate the redemptioners' rights and order the U.S. Marshal to award the Certificate of Redemption to the party entitled to it. The Government took no position as to which party should be awarded the Certificate.

On January 30, 2002, following a hearing, the district court entered its Memorandum and Order finding that neither Meyer's leasehold interest nor Hertz's assignment constituted a basis for redemption. The court then ordered that a Marshal's Deed be issued to Hertz, the highest bidder. The district court denied Meyer's Motion for Relief from its order. Meyer now appeals.

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

II.

Meyer argues that he had a right to redeem the farmland as a matter of law. He concedes that there is no federal redemption right or procedure. However, he contends that the language of the district court's Judgment: "The defendants shall be entitled to redeem the real property . . ." unambiguously provided a redemption right to all the named defendants. Meyer urges that the district court had the discretion to grant an equitable right of redemption, and did so in its Judgment. As such, he argues that the district court was unjust in later denying him the right to redeem.

We review the district court's findings of fact for clear error and its conclusions of law de novo. Walker v. Maschner, 270 F.3d 573, 576 (8th Cir. 2001). Meyer argues that under the district court's original foreclosure order, he has an absolute right to redeem as a matter of law. We disagree.

This court has held that there is no federal statutory right of redemption after a foreclosure. See United States v. Victory Highway Village, Inc., 662 F.2d 488, 498 (8th Cir. 1981). In the instant case, the district court exercised its discretion and provided a post-sale equitable period of redemption. Following the attempts to redeem, the district court reconsidered the part of its original Judgment dealing with redemption rights. The court noted that redemption rights are granted solely as an equitable matter in federal foreclosures. It then determined that Meyer and Hertz did not quality for redemption under its Judgment and denied their attempts to redeem.

This court has held that "the terms and methods of judicial sale are largely in the discretion of the district judge directing the sale." United States v. Great Plains Gasification Assocs., 813 F.2d 193, 196 (8th Cir. 1987) (quoting Revere Copper & Brass, Inc. v. Adriance Mach. Works, Inc., 68 F.2d 708, 709 (2d Cir. 1934)). Thus, the methods of the judicial sale were in the district court's discretion. The court exercised that discretion by denying Meyer the right to redeem. We see nothing

arbitrary in the district court's denial. An equitable right to redemption, after all, is no more than "equitable grace" to redeem. Here, as it had the discretion to do, the district court simply failed to allow Meyer the grace to redeem.

## III.

Meyer argues that he has a right to redeem under North Dakota state law. As the district court correctly noted, it was not bound by North Dakota law in making its findings. Nevertheless, because of a lack of federal law on point, the district court reviewed principles of North Dakota law for guidance before making its decision. We, in turn, are not bound by North Dakota law.

Under North Dakota redemption law, only the judgment debtor, his successors in interest, or a creditor having a lien by judgment, mortgage or otherwise on the property sold, may redeem. See N.D. Cent. Code § 28-24-01 (1991). Consequently, even under North Dakota law, Meyer would have to meet one of these designators in order to redeem. He argues alternatively that he is a creditor of the property and that his interest in the land as a leasehold tenant entitled him to a right to redeem.[2]

### A. Lessee as Creditor

Meyer asserts that his lease contract makes him a creditor under North Dakota common law. The North Dakota Supreme Court has not specifically ruled upon whether or not a tenant is a redemptioner under section 28-24-01. Meyer relies upon Mehlhoff v. Pioneer State Bank, 124 N.W.2d 401, 405 (N.D. 1963). Meyer specifically cites the North Dakota Supreme Court's statement that "an approved

---

[2]Since the North Dakota Supreme Court has not passed directly on this issue, we review North Dakota law under a standard of predicting how the North Dakota Supreme Court might resolve this claim. ANR Western Coal Dev. Co. v. Basin Elec. Power Coop., 276 F.3d 957, 964 (8th Cir. 2002).

definition of a creditor is 'He who has a right to require the fulfillment of an obligation or contract.'" Mehlhoff, 124 N.W.2d at 405. Meyer argues that because he could have enforced his rights as a tenant during Vilhauer's sixty-day redemption period, he fits this definition of a creditor. See Clement v. Shipley, 51 N.W. 414 (N.D. 1892). We disagree with Meyer's reliance upon Mehlhoff. In Mehlhoff, the issue was whether the assignee of a junior mortgage qualified as a redemptioner. Mehlhoff contains no suggestion that a land tenant, or indeed anyone with a claim other than a lien, qualifies as a redemptioner.

Meyer fails to note that section 28-24-01(2) requires that a redeeming creditor have a "lien by judgment, mortgage, or otherwise." Even if Meyer could be considered a "creditor" under some liberal definition, he does not have a lien on the property in question. His only claim is as a leasehold tenant. A lease is not correlative to a lien. A lien creditor attaches itself to the real property. The property is, therefore, security for a debt. A leasehold tenant, in contrast, merely pays a rental fee for the right to possess the property. There is no debt involved. Consequently, unless specified by contract, such a tenant does not have a secured interest in the real property itself. Although a leasehold establishes rights and obligations on both parties (even through the redemption period), Meyer has provided no authority for the proposition that a tenant is a creditor of a landlord for the purposes of statutory redemption. There is no lien involved.

B. An Interest in Land

Meyer next argues that he has an interest in the real estate as a successor in interest to Vilhauer. Meyer claims that North Dakota law classifies a real property lease an as interest in land. See Diocese of Bismarck Trust v. Ramada, Inc., 553 N.W.2d 760 (N.D. 1996). Meyer's reliance on this case is remiss. Diocese of Bismarck found that a real estate property lease conveys an "interest in land." Id. at 766. However, the court's finding on this issue was based on a need to establish the

appropriate statute of limitations. It made no comment on the strength of the interest a leasehold creates.

Meyer next relies on Kulm Credit Union v. Harter, 157 N.W.2d 700 (N.D. 1968), to demonstrate that those with an "interest in land" have a right to redemption. Meyer's interpretation of the language in Kulm is suspect. In Kulm, the North Dakota Supreme Court disallowed a claimed right of redemption because "the [claimed redemptioner] had no interest in the land at the time of the foreclosure sale and did not qualify as a redemptioner under th[e] statute." Id. at 706. The North Dakota Supreme Court did not specify in Kulm that any "interest in land" would have qualified the claimed redemptioner for redemption rights. Rather, it merely recognized that the party did not have an interest in the land and did not meet the qualifications of section 28-24-04 prior to the foreclosure sale. Id. The court did not comment on whether the creditor's interest would have been sufficient had its lien been timely filed. The Kulm court held that the right to redemption was a purely statutory right, and that right could only be exercised by those persons expressly described in section 28-24-01. Id.

Certainly, a leasehold is an interest in land; it diminishes the lessor's "bundle of sticks" and increases the lessee's bundle. However, the "bundle of sticks" for any given property is quite amorphous; an "interest in land" is a very broad term of art. A leasehold interest could cloud the title in a foreclosure action, and Meyer is correct that he should have been named as a defendant.[3] However, we do not believe that a leasehold interest automatically qualifies as an interest in land such to give a lessee the statutory right to redeem under North Dakota law. Not all such defendants are equitably or statutorily entitled to redemption. As noted above, Meyer had no lien.

---

[3]As Appellee Hertz points out, this would be true for anyone who may have a remote interest in the real property, i.e. a neighbor who built his fence across the boundary line.

He only had a right to possess the property during the period of his contract with Vilhauer. Without a lien of some sort, Meyer does not have any redemption rights under state law.

## IV.

Regardless of our final determinations of North Dakota law, the district court was not bound by it. Although North Dakota law is helpful in advising us on the issues before the court, it is not dispositive. As such, our discussion of North Dakota law does not change the fact that the district court was exercising its judicial discretion in denying Meyer a chance to redeem. As noted <u>supra</u>, the district court did not err in this exercise of discretion. The decision of the district court is thereby AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.