HENRY M. SNELL, ADMINISTRATOR, APPELLANT, V. WILLIAM H. MARGRITZ ET AL., APPELLEES.

FILED FEBRUARY 19, 1902. No. 11,123.

Commissioner's opinion, Department No. 1.

1. Assignment of Note: MORTGAGE. An assignment of a note secured by a mortgage, carries with it the mortgage, and operates as a transfer thereof, without a formal written assignment.

2. Pa--ment: SURRENDER: DEMAND: RISK. A purchaser of land incumbered by a mortgage showing that it was given to secure a negotiable note paid the amount of said note to the original mortgagee, there being no assignment of the mortgage of record, and secured from the mortgagee a release of the mortgage.

*Held,* that in paying to the original mortgagee before the note was due without demanding a surrender of the note, he assumed the risk that it might be held by some one other than the mortgagee.

APPEAL from the district court for Colfax county. Heard below before HOLLENBECK, J. *Reversed.*

*Flansburg & Williams,* for appellant.

*George H. Thomas, contra.*

DAY, C.

This suit was instituted in the district court of Colfax county to foreclose a mortgage upon certain lands owned by the defendants Reisch. Upon the trial the court found the issues in favor of the defendants and dismissed the suit. The plaintiff appeals.

The facts necessary to an understanding of the questions raised by this appeal are, briefly, as follows: On November 14, 1887, Wm. H. Margritz and Lucinda Margritz, his wife, being the owners of the land in suit, executed and delivered their negotiable promissory note for $1,000 to the order of C. H. Toncray, due and payable November 1, 1892. To secure the payment of this note, they executed the mortgage which is now sought to be foreclosed. The title to the lands subsequently passed from Margritz to Milo L. Carpenter, who, on October 24, 1889, conveyed them to the defendants Reisch. Toncray indorsed the note in blank, and each of the interest coupons thereto attached, and delivered them and the mortgage securing the same, together with the abstract of title, to a broker in New Haven, Connecticut, who, on May 1, 1888, sold said note and mortgage for full value to George Bull, who ever since has been the owner and holder of said note and mortgage. Upon the maturity of the note, the same not having been paid, Bull instituted this suit to foreclose the mortgage. While the suit was pending, Bull died, and Henry M. Snell, administrator of his estate, was substituted as party plaintiff. Carpenter conveyed the land

to Frank and George Reisch by a deed dated October 21, 1889, but which was not acknowledged till October 24, 1889. Apparently as part of the transaction, Frank Reisch, who was conducting the business, paid to C. H. Toncray the amount due upon the note and mortgage, and procured from him a release of said mortgage, dated October 23, 1889. This release and the deed were filed for record at the same time on the following day. The only evidence which tends to elucidate the transaction or to explain it in any manner is the testimony of Carpenter, who swears that Frank Reisch, after deducting the mortgage indebtedness from the agreed price, gave him a check for the balance, to wit, $1,332.60. The witness says: "I went to Fremont with Mr. Reisch and saw Mr. Toncray in regard to the claims that he had on the land. I think he made his arrangements with Mr. Toncray with reference to the payments. I know that I never received any part of the mortgage money." The testimony of this witness makes it clear that Reisch settled with Toncray, and obtained the release of the mortgage which he filed with his deed. There is no question of agency involved in this transaction. The question presented by the record is whether a party may safely pay the amount of a negotiable note and mortgage, before due, to the original mortgagee, without a surrender of the note and mortgage, there being no assignment of the mortgage on record. It has been held by this court that an assignment of the note secured by a mortgage carries with it the mortgage, and operates as a transfer thereof without a formal or written assignment. *Goodwin v. Cunningham,* 54 Nebr., 11; *Anderson v. Kreidler,* 56 Nebr., 171; *Cram v. Cotrell,* 48 Nebr., 646. The mortgage was recorded, and showed on its face that it was given to secure a negotiable note. Reisch, in settling with Toncray upon the supposition that he was still the owner and holder of the note and mortgage, did so at his peril, and assumed the burden of showing that he was the proper person to receive it. In *Richards v. Waller,* 49 Nebr., 639, this principle is recognized, as shown from the following

excerpt from the syllabus: "One who makes payment to a second person, not the owner of a note and not in possession of it, of money to be applied in payment of the debt thereby evidenced, assumes the burden of proving that the party to whom payment was made was empowered to collect the money." *South Branch Lumber Co. v. Littlejohn,* 31 Nebr., 606. In *Griffith v. Salleng,* 54 Nebr., 362, it is said, quoting from the syllabus: "A purchaser of land incumbered by a mortgage showing on its face that it was given to secure a bond with negotiable coupons attached representing the interest instalments, paid to the holder of the bond the amount thereof, took from him a release of the mortgage and paid to his vendor the remainder of the purchase price. Some of the interest coupons had been assigned to a third person and were overdue and unpaid. *Held,* That the holder of the interest coupons might maintain an action to foreclose the mortgage for default in their payment." We are cited by the appellee to the cases of *Whipple v. Fowler,* 41 Nebr., 675; *Cram v. Cotrell,* 48 Nebr., 646; *Bullock v. Pock,* 57 Nebr., 781, and *Porter v. Ourada,* 51 Nebr., 510, and kindred cases, where the rule is announced that, where a debt secured by a mortgage has been assigned, but no assignment of the mortgage is placed on record, an innocent purchaser of the mortgaged premises will be protected by a release of the mortgage executed by the original mortgagee. The rule above announced, however, has no application to the facts now being considered. In this case there was no reliance upon the record that the mortgage had been satisfied. Not only did Reisch know of the existence of the mortgage, but undertook personally the responsibility of paying it and discharging the lien. In paying the mortgage to the original mortgagee without demanding the note, he assumed the risk that it might be held by some one other than the original mortgagee.

Under the evidence in this case we think the court should have entered a decree of foreclosure for the plaintiff for the amount prayed in the petition. We therefore

recommend that the judgment be reversed with directions to enter a decree of foreclosure for plaintiff for the amount prayed in the petition.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and cause remanded, with directions to enter a decree of foreclosure for plaintiff for the amount prayed in the petition.

REVERSED WITH DIRECTIONS.