[No. 1665, October 28, 1914.]
[On Rehearing, July 13, 1915.]

# HAYDEN et al. v. SPEAKMAN.

## SYLLABUS BY THE COURT.

1. An assignment of a mortgage from the mortgagee, named in the mortgage, to a third party, must be placed of record in the county where the land covered by the mortgage is situate, in order to protect the rights of said third party against purchasers in good faith dealing with the mortgagee, who fails to disclose the fact of the assignment; such purchaser being without notice of such unrecorded assignment.

P. 518

## ON REHEARING.

2. Sections 3953, 3954, and 3955, Comp. Laws 1897, do not require the recordation of an assignment of a mortgage securing the payment of a negotiable promissory note, in order to protect the holder of such note from payments made by the mortgagor, or subsequent purchaser of the real estate, to the original mortgagee.

P. 520

3. A party making payment upon a negotiable promissory note should insist upon the presentation of the paper by the party to whom the payment is made in order to make sure that it is at the time in his possession and not outstanding in another, and if he fails to do so the payment is wholly at the risk of the payor.

P. 522

Appeal from District Court, Curry County; G. A. Richardson, Judge.

Action by Kid Speakman against John S. Hayden and others. From judgment for plaintiff, defendants appeal. Reversed and remanded on rehearing, with directions to dismiss complaint.

Wm. A. Gillenwater of Clovis, for appellants.

Hayden was not acting as agent of Babler in making the loan.

Jones on Evid. (2d Ed.), sec. 255.

. If Hayden be found to be the agent he was not acting within the scope of his authority in the agreement to release.

.Tappan v. Morseman, 18 Ia. 499; Union Trust Co. v. McKeon, 57 Atl. 109; Fortune v. Stockton, 182 Ill. 454; Church Assn. v. Walton, 114 Mich. 677; Rhodes v. Belchee, 36 Oreg. 141; Bank of University v. Tuck, 101 Ga. 104, 28 S. E. 168; Wilson v. La Tour, 108 Mich. 547; Ziegan v. Strickler, 110 Mich. 282; Swegle v. Wells, 7 Oreg. 222; Hall v. Smith, 3 Kan. App. (44 Pac. 908.)

. Authority to collect money on security, without having possession of the security, must be shown by the person who claims to be the agent.

Artley v. Morrison, 73 Ia. 132; Rand v. Perkins, 74 Minn. 16; Padley v. Neil, 134 Mo. 364; Frank v. Tuozzo; 50 N. Y. S. 71; Wooding v. Bradley, 76 Va. 614, 23 L. R. A. (N. S.) 418; John Stewart & Co. v. Asher, 15 Colo. App. 403; Austin v. Thorp, 30 Ia. 376; Evans-Snyder-Buel Co. v. Holder, 16 Tex. Civ. App. 300, 41 S. W. 404; Western Security Co. v. Douglas, 14 Wash. 215, 44 Pac. 257; Worth v. Ollis, 70 Mo. App. 318.

. H. D. Terrell of Clovis, for appellee.

There is substantial evidence to support the findings of the trial court and therefore they will not be disturbed.

Rush v. Fletcher, 11 N. M. 555.

BRIEF OF APPELLANT ON REHEARING.

Sec. 3943, C. L. 1897, was repealed by sec. 32 of chapter 62, Laws of 1901.

. The law not requiring recording of assignment of mortgage and note recordation would not give constructive notice.

Williams v. Paysinger, 15 S. C. 171; Reeves v. Hays, 95 Ind. 521.

The mere endorsement or delivery of the note carried with it the mortgage lien.

27 Cyc. 1287.

## STATEMENT OF FACTS.

This is an action brought by the appellee, Kid Speakman, to quiet title and to remove a cloud from the title to block 22, Lincoln Park addition to the city of Clovis, in the state of New Mexico. The facts, briefly stated, are as follows: That on May 2, 1910, Elias High and Mary High were the owners in fee simple of a certain tract of land situate in Lincoln Park addition to the city of Clovis, N. M., in which was situate block 22. That on the 5th day of May, 1910, the said High and wife executed their promissory note payable to appellant Hayden for $1,500, due five years after date thereof, and to secure the payment of said note the said Elias High and wife made and delivered to the said Hayden their mortgage deed, covering, together with other property, the said block 22. That thereafter, on the 14th day of July, 1910, the said High and wife entered into a contract and agreement with appellee, Kid Speakman, by the terms of which contract the said High agreed to sell to the said Speakman the said block 22 for the sum of $500, $300 of which was paid in cash and the remainder to be paid in two installments. That, by the terms of the said contract, the said Speakman should have delivered to him, upon his making the deferred payments therein provided, a warranty deed by the said High and wife to said block 22. That, at the time of the execution of the said mortgage by High, it was mutually agreed between the said parties thereto, High and wife and Hayden, that the said High should have the privilege of selling blocks in said Lincoln Park addition covered by the said mortgage, and that, upon the payment to the said Hayden of the pro rata part of the purchase price of the said blocks so sold that the said blocks so sold bore to the whole tract of land covered by the said

mortgage, any block or blocks so sold would be released from the provisions of the said mortgage, and that this verbal agreement to release was ratified and renewed by the said mortgagor, High, and the mortgagee, Hayden, on a date subsequent to the execution of the said mortgage. That the payments to be made under the said contract of sale to the said Speakman were duly made to the appellant Hayden, and that the said warranty deed of High and wife to lot 22 was then delivered to the appellee, Speakman, and was recorded on the 8th day of December, 1911. That the appellant Hayden negotiated the loan of the said $1,500 to the said Elias High and wife and took the note and mortgage from the said High and wife in his own name, recorded the mortgage in the county of Curry and state of New Mexico, and immediately assigned the said note and mortgage to the appellant H. J. Babler, a nonresident, who was the person who furnished the $1,500 constituting the loan to the said High and wife; he (the said Hayden) then and there guaranteeing the said loan and assigning the same to the said Babler for a valuable consideration. The assignment of the said note and mortgage to the said Babler was not placed of record in the county of Curry and state of New Mexico, and that the appellee, Speakman, and the said High and wife had no knowledge that the said note and mortgage had been assigned to the said Babler until after the appellee, Speakman, and the said High and wife had paid the appellant Hayden the deferred payments upon said block 22; and the said Hayden had agreed with the appellee, Speakman, that, on the performance of the contract to purchase block 22, he (Hayden) would release the said block 22 from the provisions of said mortgage.

The defendants, appellants here, admitted the execution and delivery of the note and mortgage, the contract of sale, and the warranty deed by High and wife to Speakman, but denied that there was any agreement upon the part of said Hayden to release any of the property covered by the said mortgage from the provisions of the same, except the general provision for satisfaction and release con-

tained in said mortgage deed itself. They also admitted the final payment on said block 22 purchased by the appellee from High and wife. They admit that the said Babler makes claim adverse to the appellee to said block 22, and that said claim is based upon an indorsement by the defendant Hayden to the defendant Babler of said note. for $1,500, secured by the said mortgage deed of High and wife to Hayden, and claim that the assignment was for a valuable consideration, and admit that the said assignment of said note and mortgage has never been placed of record in Curry county, N. M., and insist that there was no agreement upon the part of Hayden or Babler to release any part of the property covered by the said mortgage, and deny that Hayden was acting as the agent of Babler. Upon the issues so framed, the evidence was heard by the court, which made findings of fact upon which conclusions of law were stated, all in favor of appellee, pursuant to which judgment was entered for appellee, decreeing a cancellation of the mortgage, in so far as the same constituted a lien on the block in question. From this judgment appellants appeal and assign 18 errors, and summarize the same in their brief as follows:

> "Three questions are thus presented to the court: (1) Was Hayden, at the time the mortgage was made, the agent of Babler? (2) If Hayden was the agent of Babler, was he acting within the scope of his authority in making the agreement to release block 22 from the provisions of the mortgage. (3) Is Babler, as assignee of the note and mortgage, bound by any agreement made by Hayden at the time the mortgage was made, or afterwards, to release any of the property covered by the mortgage in fulfillment of such agreement by Hayden?"

## OPINION OF THE COURT.

ABBOTT, District Judge (after stating the facts as above.)—The trial court found as a fact, among other findings:

"That John S. Hayden, the mortgagee named
in the $1,500 mortgage, entered into a verbal
agreement relative to the releasing from the lien
of said mortgage certain blocks in said addition
to Clovis, covered by said mortgage, in case they
were sold and pro rata payments made, as al-
leged in plaintiff's complaint."

There is substantial evidence disclosed in the record to
support this finding of fact of the trial court, and this
court will therefore not disturb the same. Rush v. Fletch-
er, 11 N. M. 555, 70 Pac. 559.

This brings us to the question whether Hayden was
acting as the agent of Babler in making the loan to High,
and whether Babler is bound by the verbal agreement
which the trial court found as a fact that the said Hayden
entered into relative to releasing, from the lien of said
mortgage, certain blocks in said addition to Clovis, cov-
ered by said mortgage, in case they were sold and pro rata
payments made, as alleged in plaintiff's complaint; it hav-
ing been also found by the trial court as a fact that pay=
ment of a sufficient sum was made on said mortgage un-
der said agreement with said Hayden to entitle the plain-
tiff to the release of said block 22 from the lien of said
mortgage, which finding is also supported by substantial
evidence in the record. In our opinion it is immaterial
whether the said Hayden was acting as the agent of the
said Babler with authority to enter into the verbal agree-
ment aforesaid. It was admitted by the appellants, and
found as a fact by the trial court, that the assignment of
the said note and mortgage from High and wife to Hay-
den was not placed of record in the county of Curry,
where the land affected thereby is situate.

[1] The appellant Hayden took the mortgage from
High and wife in his own name, and the same was record-
ed, and the appellee purchased block 22 from High and
wife,. agreeing to pay $500 for the same, $300 in cash and
$200 by deferred payments, with an agreement from High
and wife and Hayden to receive, upon making the final
payment, a warranty deed for the same from High and

wife and a release from Hayden from the mortgage, in whose name the mortgage then stood of record. Speakman had a right to believe that appellant Hayden was the owner of the said mortgage, and that Hayden had authority to release the same upon receiving the amount necessary to release the same from the said mortgage. There was nothing upon record to disclose the fact that the appellant Babler was the owner of the note and mortgage given to secure the same, and he had a right to believe that Hayden was clothed with authority to receive the final payment and to release the said block 22. This question, in our opinion, is settled by the following sections of the registration laws of the state of New Mexico:

Section 3943, Compiled Laws:

"Every instrument in writing by which real estate is transferred or affected, in law or equity, shall be acknowledged and certified to in the manner hereinafter prescribed."

Section 3953:

"All deeds, mortgages, United States patents and other writings affecting the title to real estate, shall be recorded in the office of the probate clerk of the county or counties in which the real estate affected thereby is situated."

Section 3954:

"Such records shall be notice to all the world of the existence and contents of the instruments so recorded from the time of recording."

Section 3955:

"From and after the first day of January, 1888, no deed, mortgage or other instrument in writing, not recorded in accordance with section 3953, shall affect the title or rights to, in any real estate, or any purchase or mortgage in good faith, without knowledge of the existence of such unrecorded instrument."

The record fails to show whether the alleged assignment of the said note and mortgage from Hayden and Babler was in writing, but this becomes immaterial, be-

cause the appellants' case rests entirely upon a valid assignment of the mortgage from Hayden to Babler.  A valid assignment of the mortgage, so as to affect the rights of the purchaser Speakman, in good faith, could only be in writing.  If the assignment was not in writing, and therefore not entitled to be placed of record, the appellee, Speakman, could purchase the said block and deal with the appellant Hayden as the owner of the mortgage.  The obligation to record the assignment of the mortgage from Hayden to Babler, under section 3955, C. L. 1897, rested upon Babler in order to protect his rights under his mortgage as against the purchaser Speakman.

In the case of Connecticut L. I. Co. v. Talbot, 113 Ind. 373, 14 N. E. 586, 3 Am. St. Rep. 655, the court said:

> "It is settled everywhere that unrecorded assignments of mortgages are void as against subsequent purchasers, whose interests may be affected thereby, and whose conveyances are duly recorded, provided such assignments are embraced by the recording acts.  Bacon v. Van Schoonhoven, 87 N. Y. 446; Decker v. Boice, 83 N. Y. 215; Swartz v. Leist, 13 Ohio St. 419; Yerger v. Bartz, 56 Iowa, 77 [8 N. W. 769]; Henderson v. Pilgrim, 22 Tex. 464; Boone on Mortgages, § 92; 1 Jones on Mortgages, § 472."

We are therefore of the opinion that the appellee, Speakman, is entitled to a release of block 22 from the mortgage of High and wife to Hayden, on account of the failure of Babler to record his assignment of said mortgage as required by the statute cited, and thereby to give notice to purchasers that he was the owner thereof.

The judgment of the trial court will therefore be affirmed; and it is so ordered.

ROBERTS, C. J., and HANNA, J., concur.

## ON REHEARING.

ABBOTT, District Judge—[2] On rehearing our attention has been called to the fact that section 3943, C. L. 1897, quoted in our former opinion, was repealed by section 32, c. 62, Laws of 1901.  This section of the statute

has no material effect upon the question under consideration. Its correct determination depends upon the proper construction of sections 3953, 3954, and 3955, quoted in our original opinion. Appellants, in their brief filed upon rehearing, have referred us to similar statutes in many of the states and the decisions of courts construing such statutes as not applying to the assignment of a mortgage given to secure the payment of a negotiable promissory note. Thus, in Nebraska, sections 10840, 10844, 10845, 10816, and 10818 of Cobby's Compiled Statutes are admittedly much broader than the sections of our statute, quoted in our former opinion; yet in Snell v. Margritz, 64 Neb. 6, 91 N. W. 274, the Supreme Court of the state held that an assignment of the mortgage securing a negotiable note does not come within the meaning of the statute, and that no record of such assignment is necessary in order to protect the holder of the note against payments made by the purchaser of the property covered by the mortgage. The same rule was announced by the Supreme Court of Florida in the case of Garrett v. Fernauld, 63 Fla. 434, 57 South. 671, interpreting a similar statute. In the following cases similar statutes were construed and a like conclusion reached: Craft v. Webster, 4 Rawles, 242; Assets Realization Co. v. Clark, 205 N. Y. 105, 98 N. E. 457, 41 L. R. A. (N. S.) 462; Joerdens v. Schrimpf, 77 Mo. 383; Burhans v. Hutcheson, 25 Kan. 625, 37 Am. Rep. 274; Adler v. Sargent, 109 Cal. 42, 41 Pac. 799; Howard v. Shaw et al., 10 Wash. 151, 38 Pac. 746; Hull v. Diehl et al., 21 Mont. 71, 52 Pac. 782. Many other cases to the same effect have also been cited by appellants and read by the court. Such being the practically unanimous holding of the courts, we are convinced that our former opinion was erroneous, and now hold that the bona fide holder of negotiable' paper, transferred to him by indorsement thereon before maturity, and secured by a real estate mortgage, need not record the assignment of the mortgage, or bring home to the mortgagor actual notice of such assignment, in order to protect himself against payments made after the assignment without his knowl-

edge or consent by a subsequent purchaser of the land to the mortgagee.

[3] A party making payment upon a negotiable promissory note should insist upon the presentation of the paper by the party to whom the payment is made, in order to make sure that it is at the time in his possession, and not outstanding in another, and, if he fails to do so, the payment is wholly at the risk of the payor. Daniels on Negotiable Instruments (6th Ed.) § 1227. Appellee in this case was guilty of gross negligence in making payment to Hayden, without demanding the production of the note and securing proper credit thereon.

Some question was raised upon the trial as to whether Hayden was acting as agent for Babler, at the time he made the agreement to release, and received the partial payment. There is no proof of agency in the record, and the trial court could not have based the judgment upon this theory.

For the reasons stated, the judgment of the trial court will be reversed, and the cause remanded, with directions to dismiss the complaint; and it is so ordered.

ROBERTS, C. J., and HANNA, J., concur.

