# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2020-NMCA-035**

**Filing Date: April 2, 2020**

**No.: A-1-CA-36567**

**HSBC BANK USA, NATIONAL
ASSOCIATION as Trustee for
WELLS FARGO ASSET
SECURITIES CORPORATION,
MORTGAGE ASSET-BACK PASS-
THROUGH CERTIFICATES SERIES
2007-PA3,**

      Plaintiff-Appellee,

v.

**DAVID W. WILES,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Certiorari Denied, June 8, 2020, No. S-1-SC-38290. Released for Publication August 11, 2020.

Snell & Wilmer L.L.P.
Gregory J. Marshall
Sandra A. Brown
Albuquerque, NM

for Appellee

Garner Law Firm
N. Ana Garner
Santa Fe, NM

for Appellant

## OPINION

**DUFFY, Judge.**

**{1}** This is a residential foreclosure case. Defendant David Wiles appeals the district court's order granting summary judgment in favor of Plaintiff HSBC Bank USA (HSBC), on HSBC's complaint to enforce Defendant's promissory note and foreclose his mortgage. Defendant contends that HSBC had no right to foreclose his mortgage as a result of an unrecorded assignment of mortgage from the original lender, Wells Fargo Bank, N.A. (Wells Fargo), to another entity before Wells Fargo later assigned the same mortgage to HSBC. For the reasons set forth below, we affirm.

## BACKGROUND

**{2}** On January 19, 2007, Defendant executed a promissory note (the Note) in favor of Wells Fargo. The Note is indorsed in blank. It is secured by a mortgage (Mortgage) executed by Defendant on the same day. An assignment of mortgage (Assignment), transferring the Mortgage from Wells Fargo to HSBC, was recorded in Santa Fe County on June 13, 2012.

**{3}** On August 13, 2012, HSBC filed a complaint for enforcement of the Note and foreclosure of the Mortgage. The Note, Mortgage, and Assignment were attached to HSBC's complaint. The district court denied HSBC's initial motion for summary judgment on the ground that material issues of fact precluded summary judgment.

**{4}** On May 9, 2016, by agreement of the parties, Defendant inspected his loan file at HSBC's counsel's office. Defendant was allowed to inspect and copy the Note, Mortgage, and Assignment. In the file, Defendant also found an unrecorded assignment of the mortgage (Unrecorded Assignment), dated January 19, 2007—the same date Defendant executed the Note and Mortgage—from Wells Fargo to U.S. Bank, N.A. as trustee. Because HSBC would not allow Defendant to copy that document, Defendant filed a motion to compel production of the Unrecorded Assignment and other documents defense counsel allegedly saw in HSBC's counsel's files. Four days later, HSBC filed a second motion for summary judgment.

**{5}** The district court granted Defendant's motion to compel in part, ordering the production of the Unrecorded Assignment but declining to compel the production of any additional documents. HSBC produced the Unrecorded Assignment later that day. The court also ordered the parties to submit supplemental briefing on HSBC's second motion for summary judgment discussing the effect, if any, of the Unrecorded Assignment. Defendant, in his supplemental response, argued that the Unrecorded Assignment created a genuine issue of material fact regarding HSBC's ownership of the Mortgage, and further, that if HSBC "cannot prove timely ownership of the mortgage, even though it may be able to prove timely ownership of the Note alone, [HSBC] has an enforceable negotiable instrument but not the right to foreclose on the mortgage. It is left with an unsecured obligation."

**{6}** After a hearing, the district court granted HSBC's motion in part and denied it in part. The court found HSBC had standing to execute on the Note, that Defendant was in default, and awarded HSBC a money judgment with interest. The court denied HSBC's

request for summary foreclosure of the Mortgage, however, because genuine issues of material fact remained concerning the effect, if any, of the Unrecorded Assignment. The district court retained jurisdiction to resolve these questions. The district court also denied Defendant's request for relief for alleged fraud on behalf of HSBC or its counsel.

{7}     HSBC moved for reconsideration. Without a hearing, the district court revised its earlier ruling and entered a final order. The district court surveyed the law of New Mexico and other jurisdictions and found that as a general rule: (1) a transfer of a mortgage without the transfer of the corresponding note is a nullity, and (2) without a showing that a party in the chain of title intended to separate the note from the mortgage, the mere existence of an unrecorded document purporting to show a transfer of the mortgage is insufficient to defeat standing to foreclose. Applying these general rules to the case at bar, the district court granted HSBC complete summary judgment as to both the Note and the Mortgage. Defendant appeals.

## DISCUSSION

### Standard of Review

{8}     We review the district court's grant of summary judgment de novo. *Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 6, 310 P.3d 611. "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582.

### Standing to Enforce the Note

{9}     New Mexico's modern foreclosure standing rules were first set forth in *Bank of New York v. Romero*, 2014-NMSC-007, 320 P.3d 1. *Romero* established that "[s]tanding is to be determined as of the commencement of [the] suit." *Id.* ¶ 17 (internal quotation marks and citation omitted). As such, a foreclosing party "must demonstrate that it had the right to enforce the note and the right to foreclose the mortgage at the time the foreclosure suit was filed." *PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 19, 377 P.3d 461, 467 (internal quotation marks and citation omitted); *see Romero*, 2014-NMSC-007, ¶ 17 ("One who holds a note secured by a mortgage has two separate and independent remedies, which he may pursue successively or concurrently; one is on the note against the person and property of the debtor, and the other is by foreclosure to enforce the mortgage lien upon his real estate." (internal quotation marks and citation omitted)); *id.* ¶ 35 (recognizing "the separate functions that note and mortgage contracts perform in foreclosure actions[,]" where "the note is the loan and the mortgage is a pledged security for that loan"). With respect to the promissory note, the foreclosing party must demonstrate that, at the time it filed suit, it "either (1) had physical

possession of the . . . note indorsed to it or indorsed in blank or (2) received the note with the right to enforcement, as required by the UCC." *Romero*, 2014-NMSC-007, ¶ 19.

**{10}** "[T]he holder of a note indorsed in blank may, as a general matter, enforce the note." *Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶ 25, 369 P.3d 1046 (citing NMSA 1978, §§ 55-3-205(b), -301 (1992)); *see Romero*, 2014-NMSC-007, ¶ 26 ("[The] blank indorsement . . . established the [b]ank as a holder because the [b]ank [was] in possession of bearer paper[.]"). In this case, HSBC attached a copy of the Note indorsed in blank to its complaint. HSBC therefore established a prima facie case of standing to enforce the Note.

## Right to Foreclose the Mortgage

**{11}** The only disputed issue here is whether HSBC has a right to foreclose the Mortgage. As described above, Defendant found an Unrecorded Assignment of his Mortgage in HSBC's counsel's files that purports to assign the Mortgage from the original lender, Wells Fargo, to U.S. Bank, N.A., as the trustee of a securitized trust. It is notarized and dated January 19, 2007, the same day Defendant executed his Note and Mortgage. There is no evidence the Unrecorded Assignment was ever delivered to U.S. Bank, N.A., or that it was ever recorded. Defendant contends, however, that the Unrecorded Assignment divests HSBC of standing to foreclose the Mortgage, effectively leaving HSBC with the district court's judgment on the Note and no collateral upon which to foreclose.

## The Mortgage Follows the Note

**{12}** The law in New Mexico has long been established: The mortgage follows the note, allowing the subsequent holder of the note to enforce the mortgage even without a formal assignment of the mortgage. In 1913, our Supreme Court held:

> The transfer of a negotiable promissory note, by indorsement and delivery merely, where indorsed in blank or payable to bearer, the payment of which is secured by a mortgage or deed of trust, carries with it, in equity, the mortgage or deed of trust securities. The indorsee of the promissory note is entitled to the benefits of such mortgage, whether an assignment of the same is made or not.

*Medler v. Childers*, 1913-NMSC-015, ¶ 9, 17 N.M. 530, 131 P. 490 (internal quotation marks and citation omitted); *see also Simson v. Bilderbeck, Inc.*, 1966-NMSC-170, ¶ 13, 76 N.M. 667, 417 P.2d 803 ("It has frequently been held that a mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt." (internal quotation marks and citation omitted)); *Hayden v. Speakman*, 1914-NMSC-077, ¶ 11, 20 N.M. 513, 150 P. 292 (Abbott, J., rehearing) (holding that "the bona fide holder of negotiable paper, transferred to him by indorsement thereon before maturity, and secured by a real estate mortgage, need not record the assignment of the mortgage"); *Stearns-Roger Mfg. Co. v. Aztec Gold Min. &*

*Mill Co.*, 1908-NMSC-001, ¶ 33, 14 N.M. 300, 93 P. 706 ("[A mortgage] is a mere incident to the debt which it secures, upon which it depends, and which it follows and will pass with an assignment of the debt to the holder.").

**{13}** We can find no indication that New Mexico regards this principle as archaic, disused, or otherwise in question. To the contrary, both the legislative and judicial branches of our state government have reaffirmed the principle. Our Legislature, in 2005, codified the principle: "The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage or other lien." NMSA 1978, § 55-9-203(g) (2005). And our Supreme Court has repeatedly cited this principle favorably in its opinions clarifying New Mexico's modern foreclosure standing requirements. *See Romero*, 2014-NMSC-007, ¶ 35 (citing 55 Am. Jur. 2d *Mortgages* § 584 (2009) ("A mortgage securing the repayment of a promissory note follows the note, and thus, only the rightful owner of the note has the right to enforce the mortgage.")). We decline Defendant's invitation to reconsider the long-standing principle that "the mortgage follows the note."

**{14}** In this case, the district court found HSBC made a prima facie case of its entitlement to foreclose the Mortgage. HSBC established that it was in possession of the Note at the time of filing by presenting the original Note indorsed in blank with its complaint. Under New Mexico law, then, when the Note indorsed in blank was transferred to HSBC prior to filing, the Mortgage followed the Note into HSBC's possession. *See Medler*, 1913-NMSC-015, ¶ 9; *see also* § 55-9-203(g); *Romero*, 2014-NMSC-007, ¶ 35; *BAC Home Loans Servicing LP v. Smith*, 2016-NMCA-025, ¶ 8, 366 P.3d 714 ("Because the right to enforce the mortgage arises from the right to enforce the note, the question of standing turns on whether the plaintiff has established timely ownership of the note."). An Assignment transferring the Mortgage from original lender Wells Fargo to HSBC was also recorded in Santa Fe County on June 13, 2012, and attached to HSBC's complaint. Therefore, there would be no question that HSBC established a prima facie showing of its right to foreclose the Mortgage, but for the issue of the Unrecorded Assignment, which predates on its face the Assignment to HSBC attached to its complaint. We thus turn to the effect, if any, of the Unrecorded Assignment.

**The Unrecorded Assignment**

**{15}** Defendant argues the Unrecorded Assignment creates a question of fact as to whether the Assignment to HSBC was valid and thus, whether HSBC has the right to enforce the mortgage. Defendant contends that the Unrecorded Assignment previously assigned the mortgage rights to another entity, and therefore, the later-dated Assignment to HSBC is of no effect. Having examined the law of New Mexico, that of other jurisdictions, and the secondary sources, we disagree. The Unrecorded Assignment is, as a matter of law, a legal nullity.

**{16}** No New Mexico case directly addresses Defendant's argument. However, we find strong support in the law of other jurisdictions and in the Restatement (Third) of Property (Mortgages) for the proposition that, absent evidence of a contrary intent by the parties to an assignment, the attempted assignment of a mortgage without a corresponding transfer of the note is a legal nullity. *See Deutsche Bank Nat'l Tr. Co. v. Spanos*, 961 N.Y.S.2d 200, 202-03 (N.Y. App. Div. 2013) (stating that the general rule is that "an assignment of a mortgage without assignment of the underlying note or bond is a nullity"); *see also Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo. Ct. App. 2009) ("When the holder of the promissory note assigns or transfers the note, the deed of trust is also transferred. An assignment of the deed of trust separate from the note has no force. Effectively, the note and the deed of trust are inseparable, and when the promissory note is transferred, it vests in the transferee all the interest, rights, powers and security conferred by the deed of trust upon the beneficiary therein and the payee in the notes." (internal quotation marks and citations omitted)); *Montgomery Cty., Pa. v. MERSCORP, Inc.*, 16 F. Supp. 3d 542, 554-55 (E.D. Pa. 2014) (holding a note and its corresponding mortgage are inseparable and the assignment or transfer of a note secured by a mortgage is, in Pennsylvania, equivalent to an assignment of the mortgage as well), *rev'd on other grounds*, 795 F.3d 372, 375 (3d Cir. 2015); *In re Trierweiler*, 484 B.R. 783, 789 (B.A.P. 10th Cir. 2012) ("[S]ince a mortgage is only an incident to the debt it secures, a transfer of a note carries with it the mortgage security and operates as an equitable assignment of the mortgage[.]"), *aff'd* 570 F. App'x 766 (10th Cir. 2014); *see also* Christopher L. Peterson, *Two Faces: Demystifying the Mortgage Electronic Registration System's Land Title Theory*, 53 Wm. & Mary L. Rev. 111, 119 n.34 (2011) (compiling cases from many jurisdictions finding that the note and the mortgage are inseparable and that the assignment of a mortgage alone is a nullity).

**{17}** The secondary sources are in accord. The Restatement (Third) of Property (Mortgages) § 5.4 (1997) stands for the proposition that the assignment of a note effectively assigns both the note and the mortgage, making the two documents legally impossible to split as a general rule. *See* Restatement (Third) of Property (Mortgages) § 5.4(a)-(b). The Restatement provides:

> (a) A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise.
>
> (b) Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise.
>
> (c) A mortgage may be enforced only by, or [on] behalf of, a person who is entitled to enforce the obligation the mortgage secures.

*Id.*; *see also Trierweiler*, 484 B.R. at 789 (finding an exception to the general rule that a mortgage transferred without the note is a nullity, for cases in which there is clear evidence of an intent to bifurcate the note and mortgage).

**{18}** We read the language of the Restatement (Third) of Property (Mortgages) § 5.4 to be consistent with New Mexico's modern foreclosure jurisprudence. *See, e.g.*, *Romero*, 2014-NMSC-007, ¶ 35 (favorably citing Baxter Dunaway, *Law of Distressed Real Estate*, § 24:18 (2011) for the proposition that "[t]he mortgage only secures the payment of the debt, has no life independent of the debt, and cannot be separately transferred[, and that i]f the intent of the lender is to transfer only the security interest (the mortgage), this cannot legally be done and the transfer of the mortgage without the debt would be a nullity"). And, although New Mexico has not yet formally adopted the Restatement (Third) of Property (Mortgages) approach, both our Supreme Court and our Legislature have recently cited with approval Restatement (Third) of Property (Mortgages) § 5.4 and the principles set forth therein. *See Johnston*, 2016-NMSC-013, ¶ 30; *see also* § 55-9-203(g), cmts. We therefore rely in part on the Restatement (Third) of Property (Mortgages) in support of our conclusions in the instant case.

**{19}** We also find support for our conclusion in public policy. The Restatement (Third) of Property (Mortgages) describes the underlying policy as follows:

> [S]eparating the obligation from the mortgage results in a practical loss of efficacy of the mortgage. When the right of enforcement of the note and the mortgage are split, the note becomes, as a practical matter, unsecured. This result is economically wasteful and confers an unwarranted windfall on the mortgagor.

Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997). The objective of the rule "is to keep the obligation and the mortgage in the same hands unless the parties wish to separate them. This result is sometimes justified on the ground that '[a]ll the authorities agree that the debt is the principal thing and the mortgage an accessory[.]' " *Id.* cmt. b (quoting *Carpenter v. Longan*, 83 U.S. 271, 275 (1872))).[1]

**{20}** In this case, we apply the general rule and affirm the district court's conclusion that the Unrecorded Assignment is a legal nullity. We decline to disturb the district court's finding that there was no evidence of an intent by the parties to the Unrecorded Assignment to bifurcate the Note and Mortgage and leave the Note unsecured. Defendant does not identify any evidence of such an intent. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). As such, we affirm the district court's finding that the Unrecorded Assignment has no legal effect on HSBC's right to foreclose the Mortgage.

**Defendant's Allegations of Fraud**

**{21}** Defendant encourages us to draw inferences about the Unrecorded Assignment from the circumstances of Defendant's discovery of this document in the files of HSBC's counsel, which Defendant maintains constituted "a fraud on the court." In so arguing,

---

1Though we also recognize those policy reasons supporting *Romero*, 2014-NMSC-007, and its progeny for requiring foreclosing parties to demonstrate strict standing requirements, we are persuaded in this case those requirements were met by HSBC as the holder of the Note and Assignment prior to filing the instant foreclosure action.

Defendant discusses at some length the national conversation around foreclosure fraud. His argument is essentially that the alleged conduct of HSBC or its counsel must have been fraudulent because, like the financial entities discussed in the academic literature cited in Defendant's briefing, HSBC seeks in this matter to enforce a note and foreclose a mortgage. Defendant has demonstrated no factual nexus between the authority he cites and the instant case.

**{22}**  As a general rule, averments of fraud require specificity. *See* Rule 1-009(B) NMRA ("In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."). Defendant's allegations of fraud on the part of HSBC or its counsel were not brought to the court below with sufficient particularity, and they accordingly found no purchase there. The district court found no fraudulent conduct on the part of HSBC in connection with Defendant's motion to compel the production of the Unrecorded Assignment, and on appeal Defendant does not challenge this finding except with unsupported innuendo concerning the "[s]ubmission [by HSBC] of fraudulent [Assignments of Mortgage] in this case." These are not facts found below; they are unsupported assertions made on appeal.

**{23}**  This Court cannot countenance broad insinuations of fraud unsupported by competent evidence and briefed on appeal without a corresponding challenge to any specific finding or ruling made below. "[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings." *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108; *see Seipert v. Johnso*n, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal."). To the extent Defendant is asking this Court to, sua sponte, sanction HSBC's counsel for conduct the district court did not find to be fraudulent, we decline to do so on the record before us.

**{24}**  We conclude that Defendant failed in the district court to establish by admissible evidence a genuine issue of material fact concerning the alleged conduct of HSBC or its counsel sufficient to defeat HSBC's motion for summary judgment as to HSBC's right to foreclose the Mortgage. Summary judgment was properly granted.

**CONCLUSION**

**{25}**  For the foregoing reasons, we affirm.

**{26}**  **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**