This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38339

**U.S. BANK NATIONAL ASSOCIATION,**

Plaintiff-Appellee,

v.

**JULIE ANN ANDERSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Judge**
**Sarah M. Singleton, District Judge, Pro Tem**

McCarthy & Holthus, LLP
Jason Bousliman
Albuquerque, NM

for Appellee

Garner Law Firm
N. Ana Garner
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant Julie Anderson appeals from the district court's order granting partial summary judgment and default foreclosure of her residence in favor of Plaintiff U.S. Bank National Association, and its denial of her motion for reconsideration. Defendant contends that the district court erred in granting partial summary judgment in favor of Plaintiff, and denying her motion for reconsideration, because she presented evidence of a genuine dispute over Plaintiff's standing to foreclose. We affirm.

**{2}**     Because this non-precedential memorandum opinion is issued solely for the benefit of the parties, we do not provide a general background of the case.

## DISCUSSION

### I.     Standard of Review

**{3}**     The party moving for summary judgment "need only make a prima facie showing that [it] is entitled to summary judgment." *PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 17, 377 P.3d 461. "Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* "Where the facts are not disputed and only the legal effect of the facts remains to be determined, summary judgment is appropriate." *Carrillo v. My Way Holdings, LLC*, 2017-NMCA-024, ¶ 24, 389 P.3d 1087. We review the grant of a motion for summary judgment de novo. *HSBC Bank, USA Nat'l Ass'n v. Wiles*, 2020-NMCA-035, ¶ 8, 468 P.3d 922, *cert. denied*, (S-1-SC-38290). "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *Id.* (internal quotation marks and citation omitted)

### II.     Holder of the Note

**{4}**     Defendant acknowledges that Plaintiff appears to have met its prima facie burden of establishing standing by attaching a promissory note to the Complaint, but argues that when she presented evidence attacking the presumption, Plaintiff did not rebut the evidence and failed to establish standing. In support on appeal, Defendant first asserts that the promissory note she signed on her residence was owned by a securitized trust at the time Plaintiff filed its complaint, "and the proper plaintiff [in this suit] should have been a trustee of the trust, not an individual bank as named."

**{5}**     Our Supreme Court set forth the standing requirements in foreclosure cases in *Bank of New York v. Romero*, 2014-NMSC-007, 320 P.3d 1. "*Romero* established that standing is to be determined as of the commencement of the suit." *Wiles*, 2020-NMCA-035, ¶ 9 (alterations, internal quotation marks, and citation omitted). To establish standing, the foreclosing party "must demonstrate that it had the right to enforce the note and the right to foreclose the mortgage at the time the foreclosure suit was filed." *PNC Mortg.*, 2016-NMCA-064, ¶ 19 (alteration, internal quotation marks, and citation omitted). "With respect to the promissory note, the foreclosing party must demonstrate that, at the time it filed suit, it either (1) had physical possession of the note indorsed to it or indorsed in blank or (2) received the note with the right to enforcement, as required by the [Uniform Commercial Code]." *Wiles*, 2020-NMCA-035, ¶ 9 (omission, internal quotation marks, and citation omitted). Finally, our Supreme Court has held that a foreclosing party who presents "a note indorsed in blank with its initial complaint, [is] entitled to a presumption that it could enforce the note at the time of filing and thereby

establish[es] standing." *Deutsche Bank Nat'l Trust Co. v. Johnson*, 2016-NMSC-013, ¶ 25, 369 P.3d 1046.

**{6}** In this case, Plaintiff attached to its complaint a copy of a promissory note indorsed in blank, apparently signed by Defendant. Plaintiff therefore established a prima facie case of standing to enforce the note. Defendant cites no authority from any jurisdiction supporting the proposition that Plaintiff was required to present rebuttal evidence in response to a showing that the note was owned by a securitized trust to maintain its presumption of standing. *See generally* Rule 12-318(A)(4) NMRA ("The brief in chief of the appellant . . . shall contain . . . an argument which, with respect to each issue presented . . . citations to authorities . . . relied on."). Regardless, our review of New Mexico case law explicitly reflects that "the existence of a securitized trust does not automatically prohibit a party other than the trust from having a right to enforce a note." *PNC Mortg.*, 2016-NMCA-064, ¶ 35; *See also id.* ¶ 19 n.3 ("The proper inquiry is therefore whether said party is the holder, not the owner.").

**{7}** Defendant's evidence that the note was owned by a securitized trust does not affect the presumption that Plaintiff has standing to foreclose. As such, the evidence of the securitized trust fails to create a genuine dispute of material fact to preclude summary judgment.

### III.    Originality of the Note

**{8}** Defendant's second argument attacking Plaintiff's standing is that there is a genuine issue of material fact as to whether the note Plaintiff attached to its complaint was the original. Defendant submitted an affidavit stating that she signed refinance loan papers on February 23, 2005, and the color of ink used to sign those papers differ from the note presented to the district court by the Plaintiff. Defendant also submitted an affidavit from an independent document examination consultant, stating that the note attached to Plaintiff's complaint was not an original document because it was signed in "reddish gray ink" and lacked "visual or tactile and microscopic evidence of ballpoint pen features." Defendant argues that this evidence attacking the authenticity of the note creates a genuine issue of material fact, and summary judgment should have been denied. We disagree.

**{9}** The district court granted partial summary judgment on the basis that there was no issue of material fact with regard to the note attached to Plaintiff's complaint because (1) the attached note was a copy of the original note that was presented to the district court and (2) Defendant admitted in her answer to Plaintiff's allegation in its complaint that "[o]n February 22, 2005, . . . Defendant . . . made and delivered a mortgage note" attached to the complaint.

**{10}** Upon review of the record, we conclude that Defendant did not meet her burden of presenting a genuine issue of material fact over the authenticity of Plaintiff's original promissory note. *See Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 29, 294 P.3d 1276 ("A party opposing a motion for summary judgment

must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant" (internal quotation marks and citation omitted)). Under Rule 11-902(9) NMRA, commercial paper such as the note at issue is self-authenticating when it is signed. Further, "Pursuant to the [Uniform Commercial Code, the defendant's] signature in the indorsement on the note is presumed valid until and unless [the d]efendant introduces evidence that would support a finding that the signature is forged or unauthorized." *Bank of N.Y. Mellon v. Luu*, 2019-NMCA-053, ¶ 22, 448 P.3d 625. Mere speculation and inferences are not enough to rebut the presumption of validity. *See id.* ¶¶ 23, 26 (determining that the defendant's implication that her signature was mechanically applied to a note was insufficient to rebut the presumption of validity).

**{11}** Plaintiff does not dispute that she signed a promissory note for $361,000. Her affidavit, beyond commenting on the color difference of her signature, fails to state that the signature on Plaintiff's version of the note is not hers. She offers no evidence challenging any of the substance of the note attached to Plaintiff's complaint, such that there would be a dispute over whether it was altered from one signed by Plaintiff. Nor did Defendant submit her own copy of the note showing different signatures or substance. *See Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 58, 134 N.M. 77, 73 P.3d 215 (affirming the district court's preliminary determination regarding the authenticity of documents when, among other things, the opponent did not deny the underlying facts contained therein). We accordingly hold that Defendant failed to present a genuine issue of material fact with regard to the authenticity of the note.

## IV.    Invalid Mortgage Assignment

**{12}** We understand Defendant's third argument as challenging the validity of the assignment of her mortgage to Plaintiff due to evidence that the assignment was indorsed in blank at the time of notarization, and later, at some unknown time, was endorsed to Plaintiff. Defendant further argues that Plaintiff "should have to prove the transaction by which it claims to have received possession" of the mortgage, and that "[t]he deception involved in this case warrants a stricter scrutiny of everything [P]laintiff has represented as true."

**{13}** Although Defendant argued this issue with vigor both on appeal and in district court, it has been resolved and rejected by this Court's opinion in *Wiles*, 2020-NMCA-035, where we held that an "[u]nrecorded [a]ssignment is a legal nullity," and "[had] no legal effect on [the plaintiff]'s right to foreclose the Mortgage." *Id.* ¶ 20. Moreover, Defendant's brief does not cite to New Mexico authority that supports her position. *See* Rule 12-318(A)(3)-(4). Because of this Court's decision in *Wiles* and the deficiencies in Defendant's argument, we decline to address this matter further. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Because we are upholding the district court's decision to grant Plaintiff's motion for partial summary judgment, we conclude that the district court did not err in denying Defendant's motion for reconsideration and do not address this issue further.

**CONCLUSION**

**{14}** Therefore we affirm the district court's order granting partial summary judgement in favor of Plaintiff.

**{15}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**